<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                           :
DANA A. USERY,                             :
                                           :
                        Plaintiff,         :
                                           :    Civ. Action No. 14-6346-BRM-DEA
            v.                             :
                                           :
OTIS L. WOOD, et al.,                      :    **OPINION**
                                           :
                        Defendants.        :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) Defendants B. Volkert ("Volkert") and D. McCleese's ("McCleese") (collectively, "PO Defendants") Motion to Dismiss (ECF No. 25) Plaintiff Dana A. Usery's ("Plaintiff") Complaint (ECF No. 1) and all cross-claims against PO Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), and (2) Defendants W. Perez ("Perez"), J. Stewart ("Stewart"), and D. Wylie's ("Wylie") (collectively, "SO Defendants") Motion for Summary Judgment (ECF No. 26), pursuant to Fed. R. Civ. P. 56. The Court has considered the pleadings, briefs and supporting documents, and will decide the Motions on the papers, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth herein, the Motion for Summary Judgment and Motion to Dismiss are **GRANTED**.

I. **BACKGROUND**[1]

A. **Factual Background**

Plaintiff is a prisoner of South Woods State Prison currently residing at the Kintock Group in Bridgeton, New Jersey. (*See* Notice of Change of Address (ECF No. 44).) PO Defendants are detectives employed at the Mercer County Prosecutor's Office; SO Defendants are Mercer County Sherriff's Officers; and Defendants Otis L. Wood ("Wood") and S. Corlin ("Corlin") (collectively, "City Defendants") (together with PO Defendants and SO Defendants, "Defendants") are employees of the Trenton City Police Department. (ECF No. 1 at 5-6.)

According to Plaintiff, on May 22, 2013, Defendants illegally entered and searched Plaintiff's home while executing a warrant for his arrest. (*Id.*) Specifically, Plaintiff alleges:

> All the defendants were part of the (Regional Fugitive Task Force) who on (May 22, 2013) came to [Plaintiff's] home address . . . . in the city of Tenton [sic] to serve a [sic] arrest warrant. One cop gain[ed] entry into [Plaintiff's] home by climbing through an unlocked first floor window [and] then let[] all other officers into the home. Once inside, they search[ed] the first floor, during the sweep a black bag was setting [sic] on top of a television (the bag was tied close [sic] had to be open to know what was in it[)]. Once they were coming up to the second floor they [saw] [Plaintiff] coming down the steps [and] took [Plaintiff] into custody[,] place[ing] [him] on [his] front porch in [his] underwear in tank top on. Once outside[,] all officers stayed up stairs [sic] searching[.] [T]hey found a handgun in a dresser but place[d] it in plain view of there [sic] sight.

(*Id.*) Plaintiff asserts because Defendants "search[ed] [his] home without a search warrant[,]" he has been "falsely incarcerated til [sic] this day." (*Id.* at 4.) The Court has construed Plaintiff's Complaint as asserting a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment

---

[1] The facts set forth in this Opinion are taken from the Complaint, the parties' briefs and related filings.

rights to be free of unreasonable searches and seizures. (Memorandum and Order (ECF No. 6) at 3.)

After Plaintiff's May 22, 2013 arrest, he was indicted by a Mercer County, New Jersey, grand jury on a number of criminal charges, including first-degree robbery, second-degree possession of a firearm for an unlawful purpose, second-degree unlawful possession of a handgun, fourth-degree aggravated assault, and second-degree certain persons not to possess a firearm. (Cert. of Paul R. Adezio (ECF No. 26-1), Ex. B, *State v. Usery*, Ind. No. 14-02-0151, Bill of Indictment.) Prior to trial, Plaintiff's defense counsel filed a motion seeking to

> suppress[] all evidence with regard to an alleged arrest warrant for Dana A. Usery and the alleged warrantless search incident to arrest on May [22], 2013 . . . wherein Trenton police officers improperly entered the residence of Dana A. Usery, seized and arrested the person of defendant herein, and searched his residence . . . without a warrant and without probable cause in violation of the defendant's Fourth, Fifth and Sixth Amendment [rights] under the United States Constitution, as well as being a violation of [his] rights under the New Jersey Constitution.[2]

(ECF No. 1-1 at 6-7.) After a review of the submissions of each party, supplemental briefing, an evidentiary hearing, and oral argument, on September 23, 2014, the Honorable Pedro J. Jiminez, Jr., J.S.C., denied the suppression motion on the merits. (ECF No. 26-1, Ex. C, *State v. Usery*, Ind. No. 14-02-0151, Letter Order.)

Based on the evidence before him, Judge Jiminez summarized the facts as follows:

> As a result of an armed robbery on May 18, 2013 at a gas station in Trenton, NJ, an arrest warrant was issued for the Defendant, Dana Usery based on charges of armed robbery and possession of a weapon. On May 20, 2013, Detective Otis Wood of the Trenton Police Department was advised of the arrest warrant for Usery, and of the basic facts of the robbery.

---

[2] Although the motion refers to a May 18, 2013 arrest, this appears to be a typographical error.

> On May 22, 2013, Detective Wood and the US Marshalls and Regional Fugitive Task Force met on the case and briefed it. They then proceeded to 140 Kent Street which turned out to be Defendant Usery's mother's home. Defendant Usery was not at that location. His mother advised the officers that Defendant Usery lived at 666 Rutherford Avenue. The officer proceeded to that address and set up a perimeter. Det. Wood knocked on the door. Det. Wood testified that one of the officers indicated to Det. Wood that they saw Defendant Usery through a rear bedroom window. As a result of the sighting, Det. Wood testified that he entered the home through an open window. The Detective further testified that that during the first floor sweep, he observed an open black plastic bag containing ammunition laying on the floor. The Defendant argued that the black bag was not open, and that Det. Wood opened the black bag.
>
> As Det. Wood continued upstairs, he testified that he observed a black male wearing a tank top and boxer shorts who he immediately recognized as Defendant Usery. Defendant Usery was ordered to the ground and taken into custody without incident. Task force members conducted a protective sweep of the third floor and located no people.
>
> Det. Wood sought to retrieve the Defendant's pants, as it was standard operating procedure to clothe a Defendant before taking them to the police station. Defendant Usery indicated that his pants were "on the bed," prompting Det. Wood to enter the Defendant's bedroom. Det. Woof [sic] entered the bedroom and saw Usery's jeans hanging on the corner post of a bunk bed. Det. Wood retrieved the pants and when he did so, he observed, in plain view, a brown wooden handle of a very large silver revolver protruding out of a black holster on the mattress of the top bunk bed. Det. Wood further observed packaging from an Uncle Mike's gun holster and Swiss Arms gun holster on top of the radiator in the bedroom. On top of the dresser he observed a box of ammunition.
>
> Defendant Usery was arrested and Wood allowed him to put his jeans on before leaving the residence. Det. Wood checked the jeans for officer safety before giving them to Defendant Usery. Inside the pocket of the jeans he found a black ski mask.

(*Id.* at 1-2.) Judge Jiminez found Wood to be "a more credible witness than [Plaintiff]." (*Id.* at 3.) Therefore, based on Wood's testimony, among other evidence, Judge Jiminez determined that Plaintiff's Fourth Amendment rights were not violated because "the gun and other contraband

4

were found in plain view subject to a valid arrest warrant." (*Id.* at 2 (applying elements of plain view exception to search warrant requirement set forth in *Horton v. California*, 496 U.S. 128, 136-37 (1990)).)

On October 24, 2014, Plaintiff pled guilty to second-degree possession of a weapon by certain persons in violation of N.J.S.A. 2C:39-7B. (ECF No. 26-1, Ex. D, *State v. Usery*, Ind. No. 14-02-0151, Judgment of Conviction and Order for Commitment at 2.) On February 13, 2015, Plaintiff was sentenced to a seven-year custodial term, with a five-year period of parole ineligibility. (*Id.*) The trial court dismissed the remaining counts against Plaintiff in accordance with his plea agreement. *State v. Usery*, No. A-3603-14T2, 2016 N.J. Super. Unpub. LEXIS 1194, at *5 (N.J. Super. Ct. App. Div. May 24, 2016).

Plaintiff subsequently appealed his conviction to the New Jersey Superior Court, Appellate Division, on the basis that "the trial court judge erred in believing the police officer's testimony [and] the defense version of the events compelled the granting of the motion to suppress since, under that version, the gun was in a closed drawer and not in plain view." *Id.* at *6. On May 24, 2016, the appellate court denied Plaintiff's appeal and affirmed the decision of the trial court. The appellate court found, based upon a review of the record, the trial court's factual findings were "supported by sufficient credible evidence in the record." *Id.* at *7. The appellate court deferred to the trial court's determination that Wood's testimony was more credible than Plaintiff's "because [the trial court] had the opportunity to observe and hear the witnesses testify during the suppression hearing and obtain a 'feel of the case' which [the appellate court] d[id] not enjoy." *Id.* (citing *State v. Harris*, 211 N.J. 566, 578 (N.J. 2012)). The appellate court concluded there was no basis to reverse, because "the [trial] court's finding that the gun was on the bunk bed in Wood's plain view is supported by the testimony of Wood" and only contradicted by "[Plaintiff's] testimony that the

5

gun was located in a dresser drawer outside of Wood's plain view," which the trial court did not find credible. *Id.* Based on these facts, the appellate court affirmed the trial court's decision that Plaintiff's Fourth Amendment rights were not violated, because "the gun was properly seized under the plain view exception to the warrant requirement." *Id.* at *8 (citing *State v. Keaton*, 222 N.J. 438, 448 (N.J. 2015)).

Plaintiff appealed the judgment of the appellate court, and the New Jersey Supreme Court denied certification on October 11, 2016. *State v. Usery*, No. C-175 September Term 2016, 077905, 2016 N.J. LEXIS 1121, at *1 (N.J. Oct. 11, 2016).

### B. Procedural Background

On October 14, 2014, Plaintiff filed this Complaint and an application to proceed *in forma pauperis*. (ECF No. 1.) On March 20, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3.) On May 5, 2016, SO Defendants answered the Complaint and asserted cross-claims against PO Defendants and City Defendants for contribution and indemnification. (ECF No. 16.) On May 13, 2016, Woods answered the Complaint and likewise asserted cross-claims against PO Defendants, SO Defendants, and Corlin for contribution and indemnification. (ECF No. 17.) On July 25, 2016, in lieu of an answer, PO Defendants moved to dismiss the claims and cross-claims against them pursuant to Rule 12(b)(6). (ECF No. 25.) Corlin was never served and his summons was returned unexecuted on July 29, 2016. (ECF No. 27.)

On July 29, 2016, SO Defendants moved for summary judgment on Plaintiff's claims against them, pursuant to Rule 56. (ECF No. 26.) On August 4, 2016, Plaintiff submitted a letter in opposition to the "Perez, Stewart, Wylie Motion to Dismiss," which the Court construes as an opposition to SO Defendants' Motion for Summary Judgment. (ECF No. 29.) On August 8, 2016, this case was reassigned to the undersigned. (ECF No. 30.) On August 22, 2016, SO Defendants

filed their reply brief in response to Plaintiff's opposition. (ECF No. 38.) To date, Plaintiff has not opposed or otherwise responded to PO Defendants' Motion to Dismiss.[3]

## II. LEGAL STANDARDS

### A. Rule 56

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

---

[3] "A district court may grant an uncontested motion without a merits analysis (*i.e.*, based solely on its uncontested nature) only in certain limited circumstances, such as 'where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney,' or when a party fails to follow specific direction from the court." *Jenkins v. Young*, Civ. No. 13-2466 (ES), 2014 U.S. Dist. LEXIS 176983, at *15 n.4 (D.N.J. Dec. 23, 2014) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)); *see also Brown v. Diguglielmo*, 418 F. App'x 99, 101 (3d Cir. 2011). Therefore, because Plaintiff is appearing *pro se*, the Court will analyze the pending Motion to Dismiss on its merits, despite the fact that Plaintiff has filed no formal opposition to that Motion.

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### B. Rule 12(b)(6)

Rule 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim," *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004), and must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff, *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

In ruling on a motion to dismiss, courts are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, Civ. No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). "To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be

construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## III. DECISION

### A. Summary Judgment Motion by SO Defendants

SO Defendants argue Plaintiff's claims must be dismissed because, among other reasons, (1) the doctrine of collateral estoppel bars the relitigation of Plaintiff's Fourth Amendment claims and (2) Plaintiff may not challenge the validity of his conviction through a § 1983 suit. (ECF No. 26-3 at 5-8.) The Court agrees.

#### i. Collateral Estoppel

"Collateral estoppel, or issue preclusion, prevents a party who litigated an issue previously from rearguing that particular issue even if the other litigants were not party to the earlier proceeding." *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 105 (3d Cir. 2006) (citing *Szehinskyj v. AG of the United States*, 432 F.3d 253, 255 (3d Cir. 2005)). Thus, "[a] finding in a prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding." *Id.* (citing *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. at 568-69 (1951)). Federal courts must give the judgment of a state court "the same preclusive effect as would be given the judgment by a court of that state." *Id.* (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

Under New Jersey law, collateral estoppel bars the relitigation of an issue where:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*First Union Nat. Bank v. Penn Salem Marina, Inc.*, 190 N.J. 342, 352 (N.J. 2007).

Plaintiff raised and argued before the trial court that the evidence discovered at his home, namely the bag of ammunition and the gun, should be suppressed, because the search of his home and seizure of that evidence were constitutionally invalid. The trial court ruled on this challenge, and determined that Plaintiff's Fourth Amendment rights had not been violated, because the officers legally entered his home pursuant to a valid arrest warrant, and the evidence was in the officers' plain view. *See Horton*, 496 U.S. at 136-37 (finding it does not violate the Fourth Amendment for police officers to seize evidence without a warrant if (1) "the officer [is] lawfully located in a place from which the object can be plainly seen," (2) the object's "incriminating character" is "immediately apparent," and (3) the officer has "a lawful right of access to the object itself"). Plaintiff appealed the trial court's decision, and the appellate court affirmed. Finally, Plaintiff's appeal of the appellate court's decision was denied certification by the New Jersey Supreme Court

Plaintiff is precluded from raising the issue of whether his Fourth Amendment rights were violated by the May 22, 2013 search of his home and seizure of the gun and bag of ammunition, because the same issue was already fully litigated and decided on the merits in his criminal trial. *See James*, 197 F. App'x at 106 (finding § 1983 claim for violations of plaintiff's fourth amendment rights is precluded where plaintiff tried to suppress evidence at his criminal trial on the same basis and the trial court found no Fourth Amendment violations). Therefore, because Plaintiff's claims against SO Defendants are entirely based on the same alleged Fourth Amendment violations previously asserted in his criminal proceeding, these claims are dismissed.

### ii.     *Heck* Bar

Plaintiff's claims are also barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held to recover under § 1983 for damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence has already been invalidated. 512 U.S. at 486-87. The Supreme Court directs:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*.

In the context of an unreasonable search and seizure claim, under certain circumstances, the claim may proceed "even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* at 487 n.7. This is because "doctrines like independent source and inevitable discovery, and especially harmless error," may prevent the invalidation of the outstanding conviction, even if the plaintiff is successful in his unreasonable search and seizure claim. *Id*. (citations omitted). The Third Circuit has ruled that courts must conduct a fact-based inquiry to determine whether a claim "necessarily implies" the invalidity of the underlying conviction to determine whether it is barred by *Heck*. *Gibson v. Superintendent, N.J. Dep't of Law and Public Safety*, 411 F.3d 427, 450 (3d Cir. 2005), *overruled on other grounds by Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010). Additionally, to succeed on his unreasonable search and seizure claim, the plaintiff "must prove

not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7.

Here, the damages Plaintiff seeks are entirely derivative of the fact he has been "falsely incarcerated" because of Defendants' alleged Fourth Amendment violations. Specifically, Plaintiff seeks "compensation for financial, spiritual, physical, and emotional burdens put on me and my children . . . in being falsely incarcerated." (ECF No. 1 at 6.) Additionally, because the sole charge for which Plaintiff was convicted was illegal possession of the allegedly illegally seized gun, if Plaintiff were to prevail on his § 1983 unreasonable search and seizure claims, it would necessarily imply the invalidity of Plaintiff's underlying conviction. *See Keeling v. Attorney Gen. for Pa.*, 575 Fed. Appx. 16, 18 (3d Cir. 2014) (finding where plaintiff affirmatively contends that an allegedly illegal search and seizure resulted in his unlawful conviction, he cannot bring a Fourth Amendment claim unless and until he successfully attacks his conviction); *Williams v. Healy*, Civ. No. 08-2389 (ES), 2015 U.S. Dist. LEXIS 61007, at *10 (D.N.J. May 8, 2015) (finding because evidence seized in allegedly illegal search was "the only link between Plaintiff and a conspiracy to distribute heroin," the plaintiff's § 1983 illegal search and seizure claim was barred by *Heck*). As such, in this § 1983 action, Plaintiff seeks precisely what *Heck* bars – an invalidation of his conviction for possession of a weapon by certain persons. Accordingly, Plaintiff's claims against SO Defendants are dismissed.

### B. Motion to Dismiss by PO Defendants

Like SO Defendants, PO Defendants contend Plaintiff's Fourth Amendment claims, arising from the search of his residence and seizure of the gun, are subject to dismissal under the principles of collateral estoppel and under *Heck*. In support of their arguments, PO Defendants have attached

to their Motion to Dismiss a certified copy of Plaintiff's Judgment of Conviction & Order of Commitment ("JOC") from the Superior Court of New Jersey, Mercer County. (*See* ECF No. 25-4, Ex. A, Ind. No. 14-02-0151-I, Judgment of Conviction and Order of Commitment at 2), which shows that Plaintiff pled guilty to one count of second-degree possession of a weapon by certain persons in violation of N.J.S.A. 2C:39-7B.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum*, 361 F.3d at 222 n.3. In ruling on this Motion to Dismiss, the Court may consider the JOC and the record in Plaintiff's state court criminal proceeding. *See, e.g., Shelley v. Wilson*, 339 F. App'x 136, 137, n.2 (3d Cir. 2009) (finding the district court "properly considered the documents attached to the [Defendants'] motion to dismiss" Plaintiff's false arrest claim, which included "a police incident report filed by the victim, the criminal complaint and affidavit of probable cause for an arrest warrant, the state court docket, and the Pennsylvania Superior Court's decision affirming Shelley's judgment of sentence").

As this Court set forth above, the JOC and the state court record of Plaintiff's criminal proceeding establish that Plaintiff's Fourth Amendment claims related to the search of his residence and seizure of the gun evidence are barred by collateral estoppel and *Heck*. The issue of whether Plaintiff's Fourth Amendment rights were violated by PO Defendants' May 22, 2013 search of his residence and seizure of the gun evidence has already been fully litigated and decided on the merits in Plaintiff's state court criminal proceeding. As such, the doctrine of collateral estoppel bars Plaintiff from relitigating that issue against PO Defendants. *Heck's* deferred accrual rule, which bars Plaintiff's claims against SO Defendants, applies equally to PO Defendants. If Plaintiff were to prevail on his Fourth Amendment § 1983 claims against PO Defendants, his

success would necessarily imply the invalidity of his conviction for second degree possession of a weapon by certain persons in violation of N.J.S.A. 2C:39-7B. *See Gibson*, 411 F.3d at 452 (explaining that situations "where the only evidence supporting the conviction is tainted by a possible constitutional violation that is the subject of a § 1983 action—are perhaps the quintessential example of when the *Heck* deferred accrual rule is triggered"). Therefore, Plaintiff cannot bring a Fourth Amendment claim against PO defendants based on the allegedly unlawful search of his residence and seizure of the gun evidence, unless and until he successfully sets aside his conviction for possession of a weapon. For these reasons, PO Defendants' Motion to Dismiss is granted.

## IV. THE DISMISSAL IS WITHOUT PREJUDICE

A dismissal pursuant to *Heck* is without prejudice. *See Brown v. City of Phila.*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (per curiam) (stating that when a claim is barred under *Heck*, dismissal should be without prejudice because the claim does not accrue until the conviction is set aside) (citing *Heck*, 512 U.S. at 484-85). Therefore, the claims against SO Defendants and PO Defendants are dismissed without prejudice to Plaintiff's filing of a new § 1983 action, if he is able to set aside his conviction.[4]

---

[4] As a general matter, before dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the district court should grant leave to amend unless the court determines that amendment would be futile. *Muchler v. Greenwald*, 624 F. App'x 794, 799 (3d Cir. 2015) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir.2000)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," and the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)" in assessing futility. *Id.* Here, amendment to the Fourth Amendment search and seizure claim against PO Defendants, who have sought dismissal under Rule 12(b)(6), would be futile at this time, because the record in Plaintiff's state court criminal proceeding shows Plaintiff has not successfully challenged his conviction. As such, the Court will not permit amendment at this time, but will permit Plaintiff to file a new § 1983 action if he is successful in setting aside his conviction.

15

## V. CONCLUSION

For the reasons set forth above, SO Defendants' Motion for Summary Judgment (ECF No. 26) and PO Defendants' Motion to Dismiss (ECF No. 25) are **GRANTED** and the claims against SO Defendants and PO Defendants are **DISMISSED WITHOUT PREJUDICE**. An appropriate Order will follow.

Date: March 13, 2017                    */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**